AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ DISTRICT OF _____

## SUMMONS IN A CIVIL CASE

**V.**

CASE NUMBER:

06-cv-8315 (JGK)

TO: (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

DATE    JAN 1 9 2007

(BY) DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Index No.: 06 CV 8315 (JGK)

---------------------------------------------------------------X

Date of Purchase: Oct. 12, 2006

KATRINA GRIMSHAW,

Plaintiff,

-against-

**SUMMONS**

OUR LADY OF MERCY MEDICAL CENTER,
DR. ROY ASHIKARI, DR. ANDREW
ASHIKARI and DR. POND KELEMEN,

Defendants.

---------------------------------------------------------------X

To the above named Defendant(s):

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        January 18, 2007

Matthew T. Gammons, Esq.
**LAW OFFICES OF GEORGE DAVID ROSENBAUM**
Attorney for Plaintiff(s)
50 Broadway - 26th Floor
New York, New York 10004
212-514-5007

**Defendant(s):**

**To:    Our Lady of Mercy Medical Center**
        **600 East 233rd Street**
        **Bronx, New York, 10466**

## RIDER

TO:   **Roy Ashikari, M.D.**
**Westchester Surgical Oncology**
**19 Bradhurst Avenue, Suite 3090**
**Hawthorne, New York 10532**

      **Andrew Ashikari, M.D.**
**Westchester Surgical Oncology**
**19 Bradhurst Avenue, Suite 3090**
**Hawthorne, New York 10532**

      **Dr. Pond Kelemen, M.D.**
**Westchester Surgical Oncology**
**19 Bradhurst Avenue, Suite 3090**
**Hawthorne, New York 10532**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

KATRINA GRIMSHAW,

06-cv-8315 (JGK)

                                        Plaintiff,

**AMENDED**
**COMPLAINT**

                    -against-

**TRIAL BY JURY**
**DEMANDED**

OUR LADY OF MERCY MEDICAL CENTER,
DR. ROY ASHIKARI, DR. ANDREW
ASHIKARI and DR. POND KELEMEN,

                                        Defendants.

RECEIVED
JAN 19 2007
U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------------------------------------------X

Plaintiff, KATRINA GRIMSHAW, complaining of defendants, OUR LADY OF MERCY

MEDICAL CENTER, DR. ROY ASHIKARI, DR. ANDREW ASHIKARI and DR. POND

KELEMEN, by her attorneys, the LAW OFFICE OF GEORGE DAVID ROSENBAUM,

respectfully alleges as follows:

## THE PARTIES

1. Plaintiff KATRINA GRIMSHAW is, and at all relevant times was, a citizen and

resident of the State of Connecticut.

2. Upon information and belief, and at all relevant times, defendant OUR

LADY OF MERCY MEDICAL CENTER (hereinafter referred to as "OLM") is and was a

domestic corporation authorized to do business in the State of New York and doing business in

the State of New York with offices located at 600 East 233rd Street, Bronx, New York.

3. Upon information and belief, and at all relevant times, defendants DR. ROY

ASHIKARI, DR ANDREW ASHIKARI and DR. POND KELEMEN are and were, residents of

the State of New York and were employed in supervisory positions at defendant OLM during the

time period in which all the allegations from the instant case arise.

    4.      Upon information and belief, and at all relevant times, defendants DR. ROY ASHIKARI, DR ANDREW ASHIKARI and DR. POND KELEMEN are and were agents of OLM during the time period in which all the allegations from the instant case arise.

    5.      Upon information and belief, and at all relevant times, defendants DR. ROY ASHIKARI, DR ANDREW ASHIKARI and DR. POND KELEMEN are and were independent contractors of OLM during the time period in which all the allegations from the instant case arise.

    6.      Upon information and belief, and at all relevant times, defendants DR. ROY ASHIKARI, DR ANDREW ASHIKARI and DR. POND KELEMEN worked at OLM's facility pursuant to a contract during the time period in which all the allegations from the instant case arise.

## JURISDICTION

    7.      This action arises under provisions of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. and the common law of the State of New York.

    8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 1343 and the principles of supplemental jurisdiction codified in 28 U.S.C. §1367. Jurisdiction is also invoked pursuant to 42 U.S.C. § 2000e-(f)(3), and 42 U.S.C. §2000-5(g).

## VENUE

    9.      Venue is proper in this district under 28 U.S.C. Section 1391(b) because a substantial part of the events giving rise to the instant action occurred in the Southern District of New York. Venue is also invoked pursuant to 42 U.S.C. Section 2000e-5(f)(3).

## PROCEDURAL PREREQUISITES MET

10.    On or about December 13, 2005, plaintiff, KATRINA GRIMSHAW, timely filed

a charge of discrimination with the United States Equal Employment Opportunity Commission

as Charge No. 160-2006-01073 charging discrimination and unfair employment practices against

defendants OUR LADY OF MERCY MEDICAL CENTER, DR. ROY ASHIKARI, DR.

ANDREW ASHIKARI and DR. POND KELEMEN. Attached hereto as Exhibit "A" is a copy of

the Charges of Discrimination.

11.    Prior to commencing this action Plaintiff served a copy of the Complaint upon the

city commission on human rights and the corporation counsel.

12.    More than 180 days have elapsed since the filing of the Complaints with the

United States Equal Employment Opportunity Commission.

13.    On July 17, 2006, the United States Equal Employment Opportunity Commission

issued a Notice of Right to Sue, a copy of which is attached hereto and marked as Exhibit "B"

and made a part hereof by this reference as though fully set forth herein.

14.    Within 90 days thereof, the plaintiff KATRINA GRIMSHAW commenced this

action.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.    Plaintiff, KATRINA GRIMSHAW began her employment with Defendants on or

about July 21st, 2003. Her position was that of Surgical Coordinator. Plaintiff, KATRINA

GRIMSHAW, was interviewed and hired by her supervisors, DR. ROY ASHIKARI and DR.

ANDREW ASHIKARI.

16.    Upon information and belief, in July of 2003, the defendants, DR. ROY

ASHIKARI, DR. ANDREW ASHIKARI and DR. POND KELEMEN were General Surgeons

working for OLM.

17.     On or about July of 2004, Plaintiff, KATRINA GRIMSHAW, received a good review as well as a 2% raise.

18.     Upon information and belief, and at all relevant times, Plaintiff KATRINA GRIMSHAW, was and is qualified for her job.

19.     Plaintiff KATRINA GRIMSHAW became pregnant on or about April, 2005.

20.     On or about December of 2004, defendants, DR. ROY ASHIKARI, DR. ANDREW ASHIKARI, and DR. POND KELEMEN, informed the Plaintiff of a possible move from OLM.  In March of 2005, the move was confirmed by defendant, DR. ANDREW ASHIKARI, stating, however, that he would work on getting Plaintiff, KATRINA GRIMSHAW, the same fringe benefits and salary at the new location.

21.     On or about June 21, 2005, DR. ROY ASHIKARI refused to re-hire Plaintiff KATRINA GRIMSHAW because she was pregnant.  Specifically, Plaintiff, KATRINA GRIMSHAW, was informed by defendant, DR. ROY ASHIKARI, that the practice would not re-hire her at the new location and that she should concentrate on her pregnancy and find a job closer to home.  That same day, contracts were signed with Westchester County Medical Center.

22.     Upon information and belief, Plaintiff KATRINA GRIMSHAW was discharged on July 15, 20005.

23.     Upon information and belief, OUR LADY OF MERCY MEDICAL CENTER failed to offer Plaintiff KATRINA GRIMSHAW a position of similar or equivalent status and with similar or equivalent terms of compensation.

## AS AND FOR A FIRST CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY OLM

24.    Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-23 of this Complaint as if fully set forth herein.

25.    The aforesaid acts of Defendant OLM constitute sexual discrimination in violation of 42 U.S.C. Section 2000e, et seq., and 42 U.S.C. Section 2000e(k).

## AS AND FOR A SECOND CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY OLM

26.    Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-25 of this Complaint as if fully set forth herein.

27.    The aforesaid acts of defendant OLM constitute sexual discrimination in violation of McKinney's New York Executive Law §296.

## AS AND FOR A THIRD CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY DR. ROY ASHIKARI

28.    Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-27 of this Complaint as if fully set forth herein.

29.    The aforesaid acts of defendant DR. ROY ASHIKARI constitute sexual discrimination in violation of McKinney's New York Executive Law § 296.

## AS AND FOR A FOURTH CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY DR. ANDREW ASHIKARI

30.    Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-29 of this Complaint as if fully set forth herein.

31.    The aforesaid acts of defendant DR. ANDREW ASHIKARI constitute sexual

discrimination in violation of McKinney's New York Executive Law §296.

## AS AND FOR A FIFTH CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY DR. POND KELEMEN

32. Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-31 of this Complaint as if fully set forth herein.

33. The aforesaid acts of defendant DR. POND KELEMEN constitute sexual discrimination in violation of McKinney's New York Executive Law §296.

## AS AND FOR A SIXTH CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY OLM

34. Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-33 of this Complaint as if fully set forth herein.

35. The aforesaid acts of defendant OLM constitute sexual discrimination in violation of New York City Administrative Code §8-107.

## AS AND FOR A SEVENTH CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY DR. ROY ASHIKARI

36. Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-35 of this Complaint as if fully set forth herein.

37. The aforesaid acts of defendant DR. ROY ASHIKARI constitute sexual discrimination in violation of New York City Administrative Code §8-107.

## AS AND FOR A EIGHTH CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY DR. ANDREW ASHIKARI

38. Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-37 of this Complaint as if fully set forth herein.

39.     The aforesaid acts of defendant DR. ANDREW ASHIKARI constitute sexual discrimination in violation of New York City Administrative Code §8-107.

## AS AND FOR A NINTH CAUSE OF ACTION:

### SEXUAL DISCRIMINATION BY DR. POND KELEMEN

40.     Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-39 of this Complaint as if fully set forth herein.

41.     The aforesaid acts of defendant DR. POND KELEMEN constitute sexual discrimination in violation of New York City Administrative Code §8-107.

## AS AND FOR A TENTH CAUSE OF ACTION:

## OLM IS VICARIOUSLY LIABLE FOR THE ACTS AND CONDUCT

## OF CO-DEFENDANTS  DR. ROY ASHIKARI, DR. ANDREW

### ASHIKARI and DR. POND KELEMEN

42.     Plaintiff, GRIMSHAW, repeats and realleges the allegations set forth in paragraphs 1-41 of this Complaint as if fully set forth herein.

43.     Defendant OLM is vicariously liable for the acts and conduct of co-defendants DR. ROY ASHIKARI, DR. ANDREW ASHIKARI and DR. POND KELEMEN.

WHEREFORE, plaintiff GRIMSHAW respectfully prays that this Court enter a judgment in its favor and against defendants as follows:

(i)     Granting plaintiff GRIMSHAW judgment on the First through Tenth causes of action set forth herein above;

(ii)    Declaring defendants conduct complained of herein to be in violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e et. and 42 U.S.C.S §2000e(k) seq., and award damages for back pay and benefits.

(iii)     Awarding compensatory damages suffered as a result of defendants unlawful acts, including damages for future pecuniary losses, and other non-pecuniary losses.

(iv)     Awarding plaintiff GRIMSHAW punitive damages in such amount as the Court deems appropriate to punish defendants and to deter defendants and others from the commission of similar conduct.

(v)     Awarding to plaintiff GRIMSHAW costs, disbursements and counsel fees from this action;

(vi)     Awarding to plaintiff GRIMSHAW such other and further relief as this Court deems just, proper and equitable.

## JURY DEMAND

KATRINA GRIMSHAW, demands a jury trial of all issues triable of right by a jury.

DATED:     New York, New York
                 January 18, 2007

Matthew T. Gammons (2528)
**LAW OFFICES OF GEORGE DAVID ROSENBAUM**
**Attorneys for Plaintiff**
50 Broadway, 26th Floor
New York, New York 10004
(212) 514-5007

**Index No.**                                                    **Year**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Katrina Grimshaw,
Plaintiff(s),
-against-
Our Lady of Mercy Medical Center, Dr. Roy Ashikari, Dr. Andrew Ashikari and Dr. Pond
Kelemen,
Defendant(s).

### *SUMMONS & AMENDED COMPLAINT*

**Law Offices of**
**George David Rosenbaum**
Attorney for **Plaintiff(s)**
Office and Post Office Address, Telephone
**50 Broadway –Suite 2600**
**New York, New York 10004**
**212-514-5007**

To (See Affidavit of Service)
Attorney(s) for

Service of a copy of the within                                        is hereby admitted
Dated,

Attorney(s) for

Sir:--Please take notice
[ ]    **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20
[ ]    **NOTICE OF SETTLEMENT**
that an order                                     of which the within is a true copy will be presented for
settlement to the HON.                                              one of the judges
of the within named court, at
on                    20        at            M.
Dated,                                                   Yours, etc.
                                          **GEORGE DAVID ROSENBAUM**